UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2006 DEC 26  P 4: 01

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:03CV275(AHN) |
| ) | |
| 28.8 ACRES OF LAND, MORE OR LESS ) | |
| LOCATED OFF THE COAST OF ) | |
| GREENWICH, SITUATED IN THE ) | |
| COUNTY OF FAIRFIELD, STATE OF ) | |
| CONNECTICUT, YOUNG MEN'S ) | |
| CHRISTIAN ASSOCIATION OF ) | |
| GREENWICH, CONNECTICUT and ) | |
| UNKNOWN OWNERS, ET AL., ) | |
| ) | |
| Defendants. ) | December   , 2006 |

**FINAL JUDGMENT**

Upon the motion of the United States of America for entry of Final Judgment, the Court being of the view that the law and evidence support the final resolution of this matter in accordance with the provisions of Fed. R. Civ. P. Rule 71A, and the Complaint, the Declaration of Taking, the Ruling on Motions for Summary Judgment, the Stipulation for Revestment of Restrictive Covenant, the Order of Revestment of Restrictive Covenant, and the Order of Distribution all of which are a matter of record in this case, hereby makes the following findings:

1. On February 13, 2003, the United States filed herein its Complaint in Condemnation and Declaration of Taking and deposited the sum of Six Million Dollars ($6,000,000.00) into the registry of the Court. At that time, title to the property identified as Calves Island vested in the United States by operation of law. The Declaration of Taking recorded in the Greenwich Land

1

Records on March 7, 2003, in Book 4139, Page 171, identified the subject property and the estate taken as follows::

> The land with the buildings thereon which comprise Calves Island is located off the coast of Greenwich, Fairfield County, Connecticut. The subject property is more particularly described in a deed filed with the Greenwich Land Records in Book 538, Pages 93-98 and is further identified on the Town of Greenwich Tax Map 44, Lot 6. The land aggregates 28.8 acres, more or less, situated in and being in Fairfield County Connecticut and lies within the designated boundary of the Stewart B. McKinney National Wildlife Refuge.
>
> The estate taken for said public use is the full fee simple title in and to the land, together with all and singular the water rights and other rights, tenements, hereditaments, and appurtenances thereunto belonging and in any way appertaining, subject to existing easements for public roads, highways, and railroads, ditches, telephone, telegraph, and power transmission lines.

2. This condemnation action, docket number 3:03CV00275(AHN) was thereafter consolidated with a previously filed action, <u>Calf Island Community Trust, Inc.</u> v. <u>YMCA of Greenwich,</u> Civil No. 3:02CV462(AHN) on March 31, 2003.

3. Pursuant to Fed. R. Civ. P. Rule 71A(j), the amount of just compensation on deposit with the Court, plus interest, was disbursed to the Claimant and former owner YMCA of Greenwich, Inc., in accordance with an Order of the Court entered July 31, 2003, and a Supplemental Order entered August 21, 2003. The Clerk of the Court disbursed funds in the amount of $6,031,749.02 to YMCA of Greenwich, Inc., on August 22, 2003.

4. On January 26, 2005, the Court granted a Motion for Summary Judgment filed by YMCA of Greenwich, Inc., and a Motion for Partial Summary Judgment filed by the United States in the consolidated cases. The Ruling held that the intervenor, Calf Island Community

Trust, Inc., lacked standing to contest the condemnation and further held that the condemnation action was authorized by statute.

5. Pursuant to Fed. R. Civ. P. Rule 71A(e), after notice to all interested parties, the Court conducted a hearing on October 18, 2005, to determine the amount of final compensation and distribution to be awarded to any claimants.

6. At the October 18, 2005, hearing, the Court recognized and approved distribution to the YMCA of Greenwich, Inc., and ordered claimant, Susanne P. Wahba, to file supporting documentation for her claim to compensation based on a restrictive covenant.

7. The condemnation of Calves Island by the United States, through the filing of the Declaration of Taking extinguished the interest of Susanne P. Wahba in Calves Island based on a restrictive covenant contained in a deed recorded on June 24, 1955, at Book 538, and Page 93 of the Greenwich Land Records which benefitted the property she owns located at 111 Bryam Shore Road, Greenwich, Connecticut.

8. Pursuant to a Stipulation for Revestment of Restrictive Covenant between the United States and Susanne P. Wahba, filed on September 27, 2006, an Order of Revestment of Restrictive Covenant was entered by the Court on September 29, 2006, which revested certain portions of the restrictive covenant back to Susanne P. Wahba without an award of any additional compensation. The Revestment is more particularly described in the Order of Revestment which has been recorded in the Greenwich Land Records in Book 5310 at Page 262, and a copy of which is attached hereto as Exhibit 1.

It is therefore ORDERED and ADJUDGED that a Final Judgment be entered that the just compensation due for the rights acquired by the United States in Calves Island as set forth

above is Six Million and 00/100 ($6,000,000) Dollars, the amount initially deposited by the United States in the registry of this Court, plus the interest accrued thereon from the date of deposit to the date of disbursement for a total of $6,031,749.02, which amount was disbursed to the YMCA of Greenwich, Inc. on August 22, 2003; that no additional award of compensation is due to any other claimant; that a judgment of dismissal of all claims by Calves Island Community Trust, Inc., is entered; that the full fee simple title in and to the land, together with all and singular the water rights and other rights, tenements, hereditaments, and appurtenances thereunto belonging and in any way appertaining, subject to existing easements for public roads, highways and railroads, ditches, telephone, telegraph, and power transmission lines are vested in the United States; and the restrictive covenant in favor of Susanne P. Wahba, as set forth in the Order of Revestment of Restrictive Covenant, is hereby entered. The parties shall be responsible for their own legal fees, costs and expenses, including attorneys' fees, consultant s' fees and any other expenses.

Dated at Bridgeport, Connecticut, this 21 day of Dec., 2006.

ALAN H. NEVAS
SENIOR UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2006 SEP 29  A 10: 19

DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:~~03CV275~~(AHN) |
| ) | 02cv462 |
| 28.8 ACRES OF LAND, MORE OR LESS ) | |
| LOCATED OFF THE COAST OF ) | |
| GREENWICH, SITUATED IN THE ) | |
| COUNTY OF FAIRFIELD, STATE OF ) | |
| CONNECTICUT, YOUNG MEN'S ) | |
| CHRISTIAN ASSOCIATION OF ) | |
| GREENWICH, CONNECTICUT AND ) | |
| ) | |
| UNKNOWN OWNERS, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER OF REVESTMENT OF RESTRICTIVE COVENANT

Upon consideration of the foregoing Stipulation for Revestment of Restrictive Covenant, it is **ORDERED** that the terms of the Stipulation are approved as follows:

1. Plaintiff, the United States of America, by reason of the filing of the Declaration of Taking on February 13, 2003 and the depositing of monies as just compensation for the taking thereof, acquired by eminent domain fee simple title, together with all and singular the water rights and other rights, tenements, hereditaments and appurtenances thereunto belonging and in any way appertaining, subject to existing easements for public roads, highways, and railroads, ditches, telephone, telegraph and power transmission lines, in and to certain land described in

1

EXHIBIT
1

Schedule B of the Complaint in Condemnation and Declaration of Taking filed with this Court, identified herein as Calves Island, and also described herein as follows:

> The land with the buildings thereon which comprise Calves Island is located off the coast of Greenwich, Fairfield County, Connecticut. The subject property is more particularly described in a deed filed with the Greenwich Land Records in Book 538, Pages 93-98 and is further identified on the Town of Greenwich Tax Map 44, Lot 6. The land aggregates 28.8 acres, more or less, situated in and being in Fairfield County Connecticut and lies within the designated boundary of the Stewart B. McKinney National Wildlife Refuge.

2. That the condemnation of Calves Island by the United States, through the filing of a Declaration of Taking extinguished the interest of Susanne P. Wahba in Calves Island relating to a restrictive covenant contained in a deed recorded on June 24, 1955 at Book 538 and Page 93 of the Greenwich Land Records, which benefitted the property she owns located at 111 Byram Shore Road, Greenwich, Connecticut, described in two deeds filed with the Greenwich Land Records in Book 977, Page 123 and Book 3827, Pages 349-350 as follows:

> All that certain tract, piece or parcel of land, together with the buildings and improvements thereon, situated in the Town of Greenwich, County of Fairfield, and State of Connecticut, being approximately 1.50 acres in area, part of which is an access strip to Byram Shore Road, and fully and definitely shown as Lot #2 on a certain map entitled, "PROPERTY OF GEORGE P. & MONICA A. SMITH GREENWICH, CONN." certified substantially correct by Allan S. Devaul for S. E. Minor & Co., Inc., Civil Engineers, Greenwich, Conn. July 10, 1969, revised Jan. 3, 1972, which map is on file in the Town Clerk's Office of the Town of Greenwich, reference thereto being hereby made for a more particular description of said premises, said map being number 5277.

**IT IS FURTHER ORDERED**, in accordance with the stipulation of the parties, that the following portions of the restrictive covenant, as set forth below will be revested in Susanne P. Wahba, her successors and assigns:

1. Calves Island shall never be used for any purpose other than residential purposes; except it may be used for wildlife refuge purposes;

2. No building or other structure shall ever be erected or maintained on Calves Island which is more than one story or which is more than twenty five feet in height; and no building or structure shall ever be erected or maintained on that portion of the above-described land lying in the northwesterly section of Calves Island shown as a shaded area on the plan of said Calves Island attached hereto.

3. No building or structure shall ever be erected or maintained on the above-described land other than a) single-family dwellings with appurtenant outbuildings; no lot of land upon which upon a single-family dwellings with appurtenant outbuildings is erected or maintained shall be less than one acre in area, and no more than one such single-family dwellings with appurtenant outbuildings shall be erected or maintained on any lot of land; or b) buildings or structures associated with the use of Calves Island as a wildlife refuge;

4. No trees or shrubs on the above-described land shall be cut down, removed or destroyed, except as may be reasonably necessary (a) for the care and preservation generally of the trees and shrubs on the land, (b) in connection with the construction, maintenance and protection of any building or structure that may be erected or maintained on said land, and (c) to further the use of the land as a national wildlife refuge; provided that the remaining trees, shrubs and other natural growth protect the view from the area on the nearby mainland in Byram, Connecticut, lying between Byram Shore Road and the shore of Long Island Sound, and the residences erected thereon.

5. That the foregoing covenants shall be deemed and construed as running only with the land of Susanne P. Wahba as described herein and her successors and assigns.

**IT IS FURTHER ORDERED**, in accordance with the stipulation of the parties, that no further compensation is to be awarded for the taking of Susanne P. Wahba's interest in the restrictive covenant which is not revested.

Entered this 28 day of Sept. 2006.

Alan H. Nevas
United States District Judge

4

